1    SEYFARTH SHAW LLP
     Kristina M. Launey (SBN 221335)
2    klauney@seyfarth.com
     Michael Kopp (SBN 206385)
3    mkopp@seyfarth.com
     Phillip J. Ebsworth (SBN 311026)
4    pebsworth@seyfarth.com
     400 Capitol Mall, Suite 2300
5    Stanislaus, California 95814-4428
     Telephone:     (916) 448-0159
6    Facsimile:     (916) 558-4839

7    Attorneys for Defendant
     WINCO HOLDINGS, INC.

8

9                        UNITED STATES DISTRICT COURT

10                      EASTERN DISTRICT OF CALIFORNIA

11   HUGO GOMEZ, on behalf of himself and all        Case No.
     others similarly situated,
12                                                    **DEFENDANT WINCO HOLDINGS, INC.'S**
                        Plaintiff,                    **NOTICE OF REMOVAL OF CIVIL**
13                                                    **ACTION TO THE UNITED STATES**
              v.                                      **DISTRICT COURT**
14
     WINCO HOLDINGS, INC., an Idaho                   Stanislaus County Superior Court
15   corporation; and DOES 1-10, inclusive.          Case No. CV-23-006280
16                      Defendants.                   Action Filed: October 25, 2023
                                                      Complaint Served: January 2, 2024
17

18

19

20

21

22

23

24

25

26

27

28

307972776v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Defendant WINCO HOLDINGS, INC. ("Defendant" or "WinCo") hereby removes the above-captioned case from the Superior Court of the State of California, County of Stanislaus to the United States District Court for the Eastern District of California, asserting original jurisdiction  pursuant to 28 U.S.C. sections 1331, 1332, 1441 and 1446, on the basis of original federal subject matter jurisdiction under the Labor Management Relations Act ("LMRA"), codified in relevant part at 29 U.S.C. section 185 and supplemental jurisdiction pursuant to 28 U.S.C. section 1367.

**I.      BACKGROUND AND PROCEEDINGS IN STATE COURT**

1.      On October 25, 2023, Plaintiff Hugo Gomez ("Plaintiff") filed a representative action complaint in Stanislaus County Superior Court in the State of California entitled  *Hugo Gomez,  on behalf of himself and all others similarly situated, v. WinCo Holdings, Inc., an Idaho Corporation; and DOES 1-10, inclusive* (the "Complaint"). The Complaint was assigned Stanislaus County Superior Court Case No. CV-23-006280.

2.      The Complaint alleged causes of action for: (1) civil penalties pursuant to PAGA (Labor Code §§ 2698, *et seq.* (on behalf of all aggrieved employees against Defendant).

3.      On January 2, 2024, Plaintiff served the Complaint on Defendant and at that time also served a Summons, Civil Case Cover Sheet, and a Notice of Case Management Conference. True and correct copies of the Complaint, Summons, Civil Case Cover Sheet, and Notice of Case Management Conference are attached hereto as **Exhibit A**.

4.      Defendant has not filed any pleadings or papers in this action prior to this Notice of Removal. **Exhibit A** constitutes all pleadings, processes, and orders properly served on Defendant in this action.

**II.      TIMELINESS OF REMOVAL**

5.      Plaintiff served his Summons and Complaint on January 2, 2024. This Notice of Removal is timely because it is being filed within thirty (30) days of the service upon Defendant of a copy of the Summons and Complaint, and within one (1) year of the commencement of this action. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)

1

(explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under applicable state law); *See also, Williams v. Leonard*, No. C02-05084 CRB, 2003 WL 163183 at *1 (N.D. Cal. Jan. 13, 2003) (where 30-day removal deadline falls on weekend, deadline moves to the next business day); *Pogosyan v. U.S. Bank Tr. Nat'l Ass'n*, No. CV15-07085-AB (RAOx), 2015 WL 12696188, at *2 (C.D. Cal. Oct. 22, 2015) (same); *Washington v. Reliance Standard Life Ins. Co.*, LA CV20-01771 JAK(MRWx), 2020 WL 13561595 (C.D. Cal. April 16, 2020) (same).

## III.    FEDERAL QUESTION JURISDICTION

6.    This Court also has original jurisdiction of this action under 28 U.S.C. section 1331, and Defendant may remove the lawsuit pursuant to the provisions of 28 U.S.C. section 1441, since the relief sought is preempted by Section 301 of the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 185.

7.    Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). "The preemptive force of section 301 is so powerful as to displace entirely any state claim [1] based on a collective bargaining agreement, and [2] any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted). The Ninth Circuit has clarified that the LMRA preempts claims in two respects. *First,* if the claim involves a right that exists because of the CBA rather than state law, the "claim is preempted and [the court's] analysis ends there." *Burnside v. Kiewit Pacific Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007); *Curtis v. Irwin,* 913 F.3d 1146, 1152 (9th Cir. 2019); *Kobold v. Good Samaritan Reg' Med. Ctr.,* 832 F.3d 1024, 1032 (9th Cir. 2016)). *Second,* if the claim requires the Court to interpret a CBA or is "substantially dependent on analysis of a collective-bargaining agreement," the claim is preempted, even if based on state law. *Burnside,* 491 F.3d at 1059; *Curtis,* 913 F.3d at 1152.

8.    The Ninth Circuit has reaffirmed that "federal preemption under § 301 'is an essential component of federal labor policy' for three reasons." *Curtis,* 913 F.3d at 1152 (citations omitted). First, "a collective bargaining agreement is more than just a contract; it is an effort to erect a system of industrial self-government. Thus, a CBA is part of the "continuous collective bargaining process."

DEFENDANT'S NOTICE OF REMOVAL

*Curtis,* 913 F.3d at 1152. "*Second,* because the CBA is designed to govern the entire employment relationship, including disputes which the drafters may not have anticipated, it calls into being a new common law-the common law of a particular industry or of a particular plant." *Id.* "Accordingly, the labor arbitrator is usually the appropriate adjudicator for CBA disputes because he was chosen due to the parties' confidence in his knowledge of the common law of the shop and their trust in his personal judgment to bring to bear considerations which are not expressed in the contract as criteria for judgment." *Id.* "*Third,* grievance and arbitration procedures provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process." *Id.*

Here, Plaintiff's claim for civil penalties for alleged overtime violations is preempted under the first prong of the *Burnside* test because it is based on the governing CBA.

9. **Applicable Collective Bargaining Agreement.** The terms and conditions of Plaintiff's employment was at all times relevant to this lawsuit governed by Collective Bargaining Agreements ("CBA") between WinCo and Plaintiff's collective bargaining representative, General Teamsters, Local No. 386 ("Teamsters Local 386"). (Swanson Decl., ¶ 2, Ex. 1).

10. **Preemption of overtime claim.** Plaintiff asserts a claim for civil penalties for alleged overtime violations pursuant to California Labor Code section 510, and alleging that Defendant did not properly calculate the overtime rate. (Compl. ¶¶ 26–28, 57; *see also* ¶¶ 29–30, 35, 39 [claims for civil penalties for violations of Labor Code section derivative of alleged violation of Labor Code section 510].) Plaintiff's PAGA claim premised on overtime violations, however, is preempted by the LMRA, because the terms and conditions of his overtime compensation are governed by the CBA, exempting WinCo from California overtime requirements.

11. California Labor Code section 510 establishes the compensation scheme due to California workers for overtime hours worked. In relevant part, it provides that "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee...." Cal. Lab. Code § 510(a). However, Labor Code section 510(a)(2) exempts employees working pursuant to a CBA that meets the requirements of Labor

DEFENDANT'S NOTICE OF REMOVAL

Code section 514. *See* Cal. Lab. Code § 510(a)(2). For the exemption to apply, a CBA must "expressly provide[ ] for the wages, hours of work, and working conditions of the employees," and "provide[ ] premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Therefore, if a CBA meets the requirements of section 514, a plaintiff cannot maintain a claim under section 510 and his claim instead would be governed solely by the terms of the CBA.

12.     The CBA governing Plaintiff's employment satisfies each of these requirements, as the CBAs: (1) determine wages and at all relevant times paid more than 30% above California state minimum wage (Swanson Decl.¶ 2, Ex. 1, p. 26 (Driver Wage Scale), and p. 39 (Warehouse Wage Scale); ¶ 12, Ex. B, p. 26 (Driver Wage Scale), and p. 34 (Warehouse Wage Scale); (2) define hours of work (*Id.,* ¶ 2 Ex. 1, pp. 6-8, Article 9 "Scheduling and Hours of Work"); ¶ 2, Ex. 1; (3) pay premium wage rates for overtime (*Id.*, Ex. 1, pp. 8-11, providing premium wage rates for overtime); (4) establish working conditions of employees (*Id.,* Ex. 1, pp. 5-22, covering nondiscrimination, discharges, seniority, holidays, lunch and rest periods, vacations, leaves of absence, examinations, health insurance, sick leave, and strikes and lockouts; and (5) provide final and binding arbitration of disputes (*Id.,* Ex. 1, pp. 18-20, Article 19 "Settlement of Disputes."

13.     Accordingly, Plaintiff's claim for civil penalties for alleged overtime violations arises not under Labor Code section 510, but rather exclusively under the CBA, and is therefore preempted by the LMRA. *See Marquez v. Toll Glob. Forwarding*, 804 F.App'x 679, 681 (9th Cir. 2020) (where plaintiff was subject to a CBA qualifying for exemption from overtime under Cal. Labor Code section 514, the asserted overtime claim is both statutorily barred by section 514 and *preempted* by section 310 of the LMRA, because it arises not under the Labor Code, but rather under the CBA) (quoting *Curtis*, 913 F.3d at 1155); *Franco v. E-3 Systems*, 2019 WL 6358947 (N.D. Cal. Nov. 8, 2019) (where CBA qualified for Labor Code exemption, claim was inherently based on the CBA, and preempted, following *Curtis*); *Van Bebber v. Dignity Health*, 2019 WL 4127204 (E.D. Cal. Aug. 30, 2019) (where CBA qualified for Labor Code exemption, claim was inherently based on the CBA, and preempted, following *Curtis*).

///

4

14.    **Preemption of Alternative Workweek Claim.**  Plaintiff also asserts a claim for civil penalties for alleged failure to pay all wages for alternative workweeks in violation of California Labor Code § 511. Plaintiff alleges Defendant did not disclose in writing to Plaintiff the intention of adopting an alternative workweek, and did not conduct a secret ballot election, nor was the election approved by two thirds of effected employees. (Complaint ¶¶ 6, 43–46.) The crux of Plaintiff's claim is that Plaintiff alleges an alternative workweek system was implemented which failed to pay him daily overtime for hours beyond 8 in a day.

15.    This is simply another variant of an overtime claim.  S*ee Vranish v. Exxon Mobil Corp*., 223 Cal. App. 4th 103, 107, and *Curtis*, 913 F.3d at 1154-55 (citing and quoting *Vranish* to find claims seeking additional overtime payments preempted). In *Vranish*, union-represented workers claimed that their employer violated section 510 by failing to pay premium wages for all "overtime hours worked." *Id*. at 106. While it was "undisputed that plaintiffs were compensated for all overtime worked in accordance with the CBA," the CBA's definition of "overtime" was less generous than section 510's definition. *Id*. Specifically, the CBA provided "that overtime is not paid for *hours worked between eight and 12* in a workday," while section 510 required that overtime wages be paid for any work in excess of eight hours in one workday. *Id.* at 107, 109. The parties disputed whether the employer was "required to pay plaintiffs 'overtime,' as that word is defined in section 510, subdivision (a), or was it only required to pay a premium for overtime worked as that word is defined in the CBA." *Id*. at 109. The court concluded that "pursuant to the plain statutory language, ... legislative history and opinions and comments from the [California Division of Labor Standards Enforcement]" an employer is required to pay only for overtime *as defined by a qualifying CBA. Id*. at 113. Thus, if a CBA satisfies the requirements of section 514, the requirements of section 510(a) "do not apply." Cal. Lab. Code §§ 510(a), 514.

16.    Further, *Vranish* noted that this "interpretation makes sense." 223 Cal. 4th at 111. While section 510 establishes a default definition of overtime applicable to non-unionized employees, unionized employees "have sought and received alternative wage protections through the collective bargaining process." *Id.* (quoting *Firestone v. S. Cal. Gas Co*., 219 F.3d 1063, 1067 (9th Cir. 2000)). Thus, the California legislature deemed it appropriate to allow unionized employees to contract around

5

section 510(a)'s requirements by "bargain[ing] over not only the rate of overtime pay, but also *when overtime pay will begin*." *Id.* (internal quotation marks and citation omitted). Accordingly, when such a bargain has been struck, courts look to the CBA to determine the definition of "overtime." *See Flowers v. L.A. Cty. Metro. Transp. Auth.*, 243 Cal. App. 4th 66, 85 (2015) (holding that the exemption for collective bargaining agreements in section 514 allows parties to "contractually agree, through the collective bargaining process, to exclude the specified tasks from the definition of 'overtime hours worked' ").

17.     Plaintiff's claim for civil penalties for alleged overtime violations via the "alternative workweek" theory is completely preempted because it is based on a *negotiable right*—which is expressly subject to negotiation under the plain language of the Labor Code—and which *was* actively negotiated in the CBA. WinCo and Plaintiff's employee representative negotiated a CBA that provides and permits alternative workweeks. *See* CBA, Article 9.6 ("In the event a 10 hours/four days per week schedule is established, the same pay schedule will apply, except that time and one half (1 ½ will be paid for work in excess of 10 hours per shift and not 8 hours per shift.").

18.     Because parties may expressly authorize an alternative work week schedule, and more fundamentally, employees via their Unions may contract as to not only how much, but *when* overtime is paid, the right is negotiable. *Vranish,* 223 Cal. App. 4th at 111; *Humble,* 305 F.3d at 1007, n.3 (stating that a right is negotiable "if it is only a default rule around which the parties may contract").

19.     ***Second***, even assuming *arguendo* the claim arises out of a non-negotiable state right (which is not the case, as set out above), a ***further*** ground for preemption exists, because Plaintiff's claim depends on an analysis and interpretation of the CBA. *Cramer,* 255 F.3d at 691 (citing *Burnside*, 491 F.3d at 1060). Specifically, Plaintiff's claim inherently depends on an analysis of the CBA because whether or not an alternative work week schedule is authorized is predicated on the terms of the CBA and the scheduling permissions therein. *See, e.g., Ehret v. WinCo. Foods, LLC,* 26 Cal. App. 5th 1 (2018) (rights that may be waived by an employee may also be waived by a Union on the employees' behalf). A court must preempt a state-law claim where it requires analysis of, interpretation of, or depends upon, the terms of a CBA. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1990) ("Mere omission of reference to Section 301 in the complaint does not preclude federal subject

matter jurisdiction."). A state-law right "substantially depends" on a CBA—and is therefore preempted—if the court must "interpret" the agreement. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016).

20.    Plaintiff's PAGA claim is preempted by section 301 of the LMRA, and this matter is properly removable pursuant to 28 U.S.C. § 1441.

21.    Because Plaintiff's claim for civil penalties for alleged overtime violations (and further pursuit of overtime pay via his "alternative workweek claim") is exclusively based on the terms of the CBA and is preempted under the LMRA, this Court has original jurisdiction and removal therefore is appropriate. 28 U.S.C. § 185; 28 U.S.C. § 1331.

## IV.    SUPPLEMENTAL JURISDICTION

22.    To the extent any of the claims alleged in Plaintiff's complaint do not have an independent basis for federal jurisdiction, these claims are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a), in that they are so related to the claims subject to federal jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Thus, this action is removable in its entirety.

## V.    VENUE

23.    Venue lies in the United States District Court, Eastern District of California pursuant to 28 U.S.C. sections 84(c)(2), 1441 and 1446(a). This action was filed originally in the Superior Court of the State of California, County of Stanislaus. The County of Stanislaus is within the jurisdiction of the United States District Court, Eastern District of California.

## VI.    NOTICE OF REMOVAL

24.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Stanislaus, pursuant to 28 U.S.C. section 1446(d).

## VII.    PRAYER FOR REMOVAL

25.    WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Stanislaus, to the United States District Court for the Eastern District of California.

DEFENDANT'S NOTICE OF REMOVAL
307972776v.1

DATED: February 1, 2024                    SEYFARTH SHAW LLP


By: /s/ Phillip J. Ebsworth
        Kristina M. Launey
        Michael W. Kopp
        Phillip J. Ebsworth

    Attorneys for Defendant
    WINCO HOLDINGS, INC.

8

DEFENDANT'S NOTICE OF REMOVAL

307972776v.1

# EXHIBIT A

**BRADLEY/GROMBACHER, LLP**
Marcus Bradley, Esq. (SBN 174156)
Kiley Grombacher, Esq. (SBN 245960)
Lirit King, Esq. (SBN 252521)
Emilie MacLean, Esq. (SBN 349539)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
Email: mbradley@bradleygrombacher.com
Email: kgrombacher@bradleygrombacher.com
Email: lking@bradleygrombacher.com
Email: emaclean@bradleygrombacher.com

**HOLMES LAW GROUP**

Jeff Holmes, Esq. (SBN 100891)
1613 Chelsea Road
San Marino, California 91108
Tel: (310) 396-9045
Fax: (970) 497-7922
Email: JeffHolmesJH@gmail.com

Attorneys for Plaintiff HUGO GOMEZ on behalf of
himself and others similarly situated

Electronically Filed
10/25/2023 1:52 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Raquel Enriquez, Deputy

$435 PAID

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF STANISLAUS

| | |
|---|---|
| HUGO GOMEZ, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br>v.<br><br>WINCO HOLDINGS, INC., an Idaho corporation; and DOES 1 to 10, inclusive<br><br>               Defendants. | **CASE NO.** CV-23-006280<br><br>**REPRESENTATIVE ACTION COMPLAINT**:<br><br>(1) Civil Penalties Pursuant to PAGA, Labor Code §§ 2698, *et seq.*<br><br>Freeland, John D<br>This case has been assigned to Judge<br>Dept. 23<br>Department _____ , for all purposes including Trial. |

Plaintiff, HUGO GOMEZ (hereinafter "Plaintiff") hereby submits his Representative Action for Civil Penalties Pursuant to PAGA, Labor Code §§ 2698, *et seq*. against WINCO HOLDINGS, INC., an Idaho corporation and DOES 1 to 10, inclusive (hereinafter referred to as "Defendants") on behalf of himself and all other similarly situated current and former employees of Defendants as follows:

## NATURE OF THE CASE

1. This is a Private Attorneys' General Act ("PAGA") representative action arising out of Defendants' failure to provide their non-exempt employees with all wages, meal and rest periods, by failing to provide accurate, itemized wage statements, failing to pay wages in a timely manner in compliance with the applicable Industrial Welfare Commission ("IWC") wage order and/or the California Labor Code, by failing to provide a safe and healthful working environment and by maintaining improper quotas.

2. WinCo Holdings, Inc., is also known as WinCo Foods and is a supermarket chain based in Boise, Idaho. WinCo operates stores across the United States and has a distribution warehouse in Modesto, California.

3. At all relevant times, Defendants issued and maintained uniform, standardized scheduling and timekeeping practices and procedures for all non-exempt, hourly paid employees in California, including Plaintiff and others similarly situated, regardless of their location or position.

4. Defendants have maintained quota policies that prevent compliance with meal and rest periods as well as the use of bathroom facilities, and compliance with occupational health and safety standards. Moreover, Plaintiff and other non-exempt employees were required to work in unhealthful working environments by being exposed to dangerous electro-magnetic radiation emissions from the industrial forklift battery systems and excessive heat.

5. Defendants also maintained practices which have failed to pay Plaintiff and Aggrieved employees all wages. Specifically, employees were not provided with enough time for donning and doffing and would have to do this off-the-clock. Further, Plaintiff was paid a performance bonus that was not factored into his regular rate of pay.

6. Defendants also failed to pay plaintiff and other non-exempt employees all wages

**1**

REPRESENTATIVE ACTION COMPLAINT

1    for alternative workweeks.

2        7.    In light of the foregoing, Defendants failed to provide Plaintiff and other non-

3    exempt employees with compliant wage statements and failed to timely pay wages upon

4    termination or separation from employment.

5        8.    Plaintiff brings Cause of Action One as a proxy of the State of California on behalf

6    of other aggrieved employees for penalties under the Private Attorneys General Act (PAGA).

7    PAGA provides that any civil penalty assessed and collected by the Labor and Workforce

8    Development Agency (LWDA) for violations of applicable provisions of the California Labor

9    Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee

10    on behalf of himself and other current or former employees pursuant to procedures outlined in

11    California Labor Code § 2699.3. PAGA also provides that an aggrieved employee can bring a civil

12    action on behalf of other aggrieved employees for violation of any other Labor Code provision that

13    does not itself contain a civil penalty, in which case the civil penalties are assessed at $100 for each

14    aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee

15    per pay period for each subsequent violation.

16        9.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have

17    engaged in, among other things a system of willful violations of the Labor Code and the applicable

18    IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny

19    employees the above stated rights and benefits.

20                                    **PARTIES**

21        10.    Plaintiff, Hugo Gomez is an individual over the age of eighteen (18) and is now,

22    and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State

23    of California. During the relevant time period, Plaintiff was a non-exempt employee and worked

24    for Defendants at the Modesto distribution center through approximately May 1, 2023.

25        11.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

26    WINCO HOLDINGS, INC., is an Idaho corporation. Plaintiff is further informed and believes that

27    at all times relevant hereto, Defendants have transacted, and continue to transact, business

28    throughout the State of California.

**2**

12.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants are, now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

13.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants proximately caused Plaintiff, all others similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

14.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and DOES 1 through 10, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

15.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

16.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17.     Plaintiff is informed and believes and based thereon alleges that material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants

1   confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

2       18.    At all times herein mentioned, Defendants, and each of them, were members of, and

3   engaged in, a joint venture, partnership and common enterprise, and acting within the course and

4   scope of, and in pursuance of, said joint venture, partnership and common enterprise.

5       19.    At all times herein mentioned, the acts and omissions of various Defendants, and

6   each of them, concurred and contributed to the various acts and omissions of each and all of the

7   other Defendants in proximately causing the injuries and damages as herein alleged. At all times

8   herein mentioned, Defendants, and each of them, ratified each and every act or omission

9   complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and

10  abetted the acts and omissions of each and all of the other Defendants in proximately causing the

11  damages as herein alleged.

12      20.    The aggrieved employees, including the representative Plaintiff named herein, have

13  been employed during the Relevant Time Period in California (one year prior to the notice letter to

14  the Labor and Workforce Development Agency). The practices and policies which are complained

15  of by way of this Complaint are enforced throughout the State of California.

16                          **JURISDICTION AND VENUE**

17      21.    The Court has jurisdiction over this class action pursuant to article 6, section 10 of

18  the California Constitution and Code of Civil Procedure section 410.10.

19      22.    Additionally, this Court has jurisdiction over Plaintiff's and the Classes' claims for

20  injunctive relief, including restitution of earned wages, arising from Defendants' unfair

21  competition under Business & Professions Code section 17203 and 17204. The Court also has

22  jurisdiction over Plaintiff's and the Classes' claims pursuant to the applicable provisions.

23      23.    The Court has jurisdiction over Defendants because they are authorized to do

24  business in the State of California and are registered with the California Secretary of State.

25  Defendants do sufficient business with sufficient minimum contacts in California, and/or otherwise

26  intentionally avails themselves of the California market through the advertising, marketing and sale

27  of goods and services, to render the exercise of jurisdiction over Defendants by the California court

28  consistent with traditional notions of fair play and substantial justice.

24.     Venue is proper in Stanislaus County because the acts which give rise to this litigation occurred in this county and because Defendants has employed aggrieved employees in this county and transacts business in this county.

### FACTUAL ALLEGATIONS

25.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

***Defendants' Failure to Pay Overtime Wages***

26.     During the Class Period, upon information and belief, Defendants have, and continue to have, a company-wide policy of discouraging and impeding Plaintiff and other non-exempt employees from recording hours worked that were outside of their scheduled shifts in order to limit the amount of overtime employees could accrue. On information and belief, this policy of limiting overtime, led Plaintiff and other non-exempt employees to work off-the-clock before and after their scheduled shift times including for donning and doffing as mentioned above. Moreover, Plaintiff and aggrieved employees received non-discretionary performance bonuses that should have been used to calculate their regular rate.

27.     Because Plaintiff and Aggrieved employees worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.

28.     Therefore, Plaintiff and Aggrieved employees were not paid overtime wages for all of the overtime hours they actually worked.

***Defendants' Failure to Pay all Wages and Minimum Wages***

29.     As stated above, during the relevant time period, as a result of Defendants' policy of limiting the amount of overtime employees could accrue, and because Plaintiff and Aggrieved employees were forced to work off-the-clock, they were not paid all wages. This includes time for donning and doffing as mentioned above.

30.     Thus, Defendants did not pay at least minimum wages for all hours worked by Plaintiff and other non-exempt employees. To the extent that the off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock.

***Defendants' Failure to Provide Compliant Meal Periods***

31.     As stated above, Defendants had, and continue to have, a company-wide policy of failing to provide Plaintiff and other non-exempt employees from taking all timely, uninterrupted meal periods to which they were entitled. Specifically, because of Defendants improper quotas, Plaintiff and aggrieved employees would be denied their meal breaks as there was not enough time to take meal breaks. As a result, Plaintiff and other non-exempt employees were forced to work in excess of five (5) hours before taking a meal periods. Moreover, upon information and belief, Defendants frowned upon employees accruing meal period penalties.

32.     Plaintiff and Aggrieved employees did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

***Defendants' Failure to Provide Compliant Rest Breaks***

33.     During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and Aggrieved employees to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.

34.     Specifically, because of Defendants improper quotas, Plaintiff and aggrieved employees would be denied their rest breaks as there was not enough time to take rest breaks.

***Defendant's Failure to Provide Compliant Wage Statements***

35.     During the relevant time period, Defendants have knowingly and intentionally provided Plaintiff and aggrieved employees with uniform, incomplete, and inaccurate wage statements. For example, Defendants issued uniform wage statements to Plaintiff and other non-exempt employees that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages and/or meal and rest period premiums, and the corresponding number of hours worked at each hourly rate.

36.     Because Defendants did not record the time Plaintiff and other aggrieved employees spent working off-the-clock and deducted time from their meal periods that were missed and/or interrupted (and therefore time for which they should have been paid), Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff and other non-exempt employees

1   in compliance with Labor Code sections 226(a)(1) and 226(a)(5), respectively.

2       37.     For the same reason, Defendants failed to accurately list the total number of hours

3   worked by Plaintiff and other non-exempt employees and failed to list the applicable hourly rates

4   of pay in effect during the pay period and the corresponding accurate number of hours worked at

5   each hourly rate.

6       38.     Because Defendants failed to provide the correct net and gross wages earned,

7   applicable rates of pay, and number of total hours worked on wage statements, Plaintiff and

8   Aggrieved employees have been prevented from verifying, solely from information on the wage

9   statements themselves, that they were paid correctly and in full. Instead, Plaintiff and Aggrieved

10  employees have had to look to sources outside of the wage statements themselves and reconstruct

11  time records to determine whether in fact they were paid correctly and the extent of underpayment,

12  thereby causing them injury.

13  ***Defendants' Failure to Timely Pay Final Wage Upon Termination***

14      39.     Defendants willfully failed to pay Plaintiff and other non-exempt employees who

15  are no longer employed by Defendants the earned and unpaid wages set forth above, including but

16  not limited to, overtime wages, minimum wages, and/or meal/rest period premiums, either at the

17  time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

18  ***Defendants' Failure to Comply with Labor Code §§ 6400-6403***

19      40.     Defendants also failed to provide a workplace that was safe and healthful. Plaintiff

20  alleges that employees were required to work in unhealthful working environments by being

21  exposed to dangerous electro-magnetic radiation emissions from the industrial forklift battery

22  systems. Moreover, the warehouse would often get excessively hot on weekends and employees

23  would have to wait a significant amount of time for a maintenance employee to arrive before the

24  air conditioning would be turned on. As a result, Defendants have not provided a safe and healthful

25  working environment.

26  ***Defendants' Failure to Comply with Labor Code §§ 2100-2104***

27      41.     Defendants failed to comply with Labor Code sections 2100-2104 because it failed

28  to initially provide written descriptions of quotas to Plaintiff and aggrieved employees. However,

REPRESENTATIVE ACTION COMPLAINT

1  once the quotas were provided, they were very unreasonable. For example, Plaintiff's quota was to

2  handle 30 pallets per hour, which would mean he would have to handle a pallet every 60 seconds.

3       42.    As a result, bathroom breaks, and meal and rest breaks were not counted as

4  productive time resulting in late or missed meal and rest breaks. Moreover, Plaintiff was unable to

5  use the bathroom facilities.

6  ***Defendants' Failure to Provide All Wages for Alternative Workweeks***

7       43.    Plaintiffs alleges that Defendants have a 4/10 work schedule, but Defendant fails to

8  correctly pay Plaintiffs and aggrieved employees' wages.

9       44.    Upon information and belief, Defendants required Plaintiffs and other similarly

10  situated employees to work an improper alternative workweek schedule without following

11  California mandatory election procedures established under the IWC Wage Order.

12       45.    On information and belief, Defendants did not disclose in writing to the affected

13  employees, including Plaintiffs, the intention of adopting an alternative workweek Furthermore,

14  upon information and belief, Defendant did not conduct a secret ballot election and the alternative

15  workweek was not approved by two thirds of the affected employees working in Plaintiff's work

16  unit as required by the applicable IWC Wage Order. Plaintiff did not know of or participate in any

17  election to adopt an alternative workweek in their work unit during their tenure.

18       46.    Section 511 of the California Labor Code states: (a) Upon the proposal of an

19  employer, the employees of an employer may adopt a regularly scheduled alternative workweek

20  that authorizes work by the affected employees for no longer than 10 hours per day within a 40-

21  hour workweek without the payment to the affected employees of an overtime rate of

22  compensation pursuant to this section. A proposal to adopt an alternative workweek schedule shall

23  be deemed adopted only if it receives approval in a secret ballot election by at least two-thirds of

24  affected employees in a readily identifiable work unit. The regularly scheduled alternative

25  workweek proposed by an employer for adoption by employees may be a single work schedule that

26  would become the standard schedule for workers in the work unit, or a menu of work schedule

27  options, from which each employee in the unit would be entitled to choose. (b) An affected

28  employee working longer than eight hours but not more than 12 hours in a day pursuant to an

alternative workweek schedule adopted pursuant to this section shall be paid an overtime rate of compensation of no less than one and one-half times the regular rate of pay of the employee for any work in excess of the regularly scheduled hours established by the alternative workweek agreement and for any work in excess of 40 hours per week. An overtime rate of compensation of no less than double the regular rate of pay of the employee shall be paid for any work in excess of 12 hours per day and for any work in excess of eight hours on those days worked beyond the regularly scheduled workdays established by the alternative workweek agreement. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

*Facts Regarding Willfulness*

47.    Plaintiff is informed and believes, and based thereon alleges, that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws and that at all relevant times, Defendants knew or should have known, that the Plaintiff Aggrieved employees , including Plaintiff, were entitled to receive one hour of pay at the employee's regular rate of compensation for each day that a meal and/or rest period was not provided and were and are entitled to received pay for all hours worked, accurate itemized wage statements, and final pay in a timely manner.

*Plaintiff's Exhaustion of Administrative Remedies*

48.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

49.    By letter dated July 31, 2023, required notice was provided to Labor and Workforce Development Agency ("LWDA") and Defendants, of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

50.    More than sixty-five (65) days have passed since the date the notice was mailed to Defendant and the LWDA, and Plaintiff has received no response from the LWDA indicating that it plans to investigate.

51.    Accordingly, Plaintiff has satisfied the administrative prerequisites under California

Labor Code Section 2699.3(a) to recover civil penalties against Defendant for violations of California Labor Code identified in this First Amended Complaint.

### FIRST CAUSE OF ACTION

**Civil Penalties Pursuant to PAGA (Labor Code §§ 2698, et seq.)**

**(On Behalf of All Aggrieved Employees Against Defendant)**

52.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

53.     At all times set forth herein, the Private Attorneys General Act of 2004 (PAGA, California Labor Code §§ 2698-99) applied to Defendant's employment of Plaintiff and the proposed Class Members.

54.     At all times set forth herein, California Labor Code § 2699(a) has provided that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (LWDA) for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

55.     At all times set forth herein, the PAGA has also provided that for the violation of any Labor Code provision that does not itself contain a civil penalty, there are established civil penalties of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation.  Cal. Lab. C. § 2699(f).

56.     A civil action under PAGA may be brought by an "aggrieved employee," any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

57.     Defendant has been committing, and continues to commit, violations of the California Labor Code, including, but not limited to:

        a.   violations of Labor Code sections 510, 1198;

        b.   violations of Labor Code sections 1182.11-1182.12, 1194, 1194.2, 1197, 1198;

1     c. violations of Labor Code sections 226.7, 512, 516, and 1198;

2     d. violations of Labor Code sections 226, 1174;

3     e. violations of Labor Code sections 201-203;

4     f. violations of Labor Code sections 2100-2104;

5     g. violations of Labor Code section 223;

6     h. violations of Labor Code section 511;

7     i. violations of Labor Code section 1198;

8     j. violations of Labor Code sections 6300-6400.

9   58. Plaintiff was employed by Defendants and the alleged violations have been

10 committed against him during his time of employment and he is, therefore, an aggrieved employee.

11 Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code

12 §2699(c) in that they are all current or former employees of Defendant, and one or more of the

13 alleged violations were committed against them.

14   59. Pursuant to California Labor Code § 2699.3, aggrieved employees, including

15 Plaintiff, may pursue a civil action arising under the PAGA after the following requirements have

16 been met:

17     a. The aggrieved employee shall give written notice (hereinafter "Employee's

18       Notice") to the LWDA and the employer of the specific provisions of the

19       California Labor Code alleged to have been violated, including the facts and

20       theories to support the alleged violations;

21     b. The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer

22       and the aggrieved employee by certified mail that it does not intend to

23       investigate the alleged violations sixty (60) calendar days of the postmark date

24       of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA

25       Notice is not provided within sixty-five (65) calendar days of the postmark date

26       of the Employee's Notice, the aggrieved employee may commence a civil action

27       pursuant to California Labor Code §2699 to recover civil penalties in addition to

28       any other penalties to which the employee may be entitled.

**11**

REPRESENTATIVE ACTION COMPLAINT

60.    By letter dated July 31, 2023, required notice was provided to the Labor and Workforce Development Agency ("LWDA") and Defendant, of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

61.    More than sixty-five (65) days have passed since the date the notice was mailed to Defendant and the LWDA, and Plaintiff has received no response from the LWDA indicating that it plans to investigate. Thus, Plaintiff has satisfied the administrative prerequisites under California Labor Code Section 2699.3(a) to recover civil penalties against Defendant for violations of California Labor Code identified in this First Amended Complaint.

62.    Accordingly, Plaintiff and the other aggrieved employees are entitled to and seek to recover civil penalties for Defendant's violations of the Labor Code during the applicable limitations period.

63.    Pursuant to California Labor Code Section 2699(g), Plaintiff, on behalf of himself and the other aggrieved employees, is entitled to an award of reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and the Aggrieved employees pray for judgment as follows:

1.  For penalties pursuant to Labor Code sections 200, 226, 226.3, 226.7; 2699(a), 2699(f);

2.  For interest accrued to date;

3.  For costs of suit and expenses incurred herein pursuant to Labor Code sections 2699 (g)(1), 226 and 1194;

4.  For reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226, 2699 (g)(1), and Code of Civil Procedure section 1021.5, and/or other applicable law; and

5.  A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law;

    a)  Labor Code sections 510, 1198 for failing to pay overtime;

    b)  Labor Code sections 1182.11-1182.12, 1194, 1194.2, 1197, 1198 for failing to pay all wages;

    c)  Labor Code sections 226.7, 512, 516, and 1198 for failing to provide compliant

1    meal and rest breaks;

2        d)  Labor Code sections 226, 1174 for failing to provide compliant wage statements;

3        e)  Labor Code sections 201 and 202 for failing to pay wages at termination;

4        f)  Labor Code sections 2100-2104 for maintaining unreasonable quotas;

5        g)  Labor Code sections 511 for failing to establish a proper alterative workweek;

6        h)  Labor Code section 6300-6400 for maintaining an unsafe workplace;

7    6.  For all such other and further relief that the Court may deem just and proper.

8

9    DATED:  October 25, 2023                    **BRADLEY/GROMBACHER, LLP**
                                                  **MAJARIAN LAW GROUP APC**

10

11                                        By: _____

12                                              Marcus Bradley, Esq.
                                                Kiley Grombacher, Esq.

13                                              Lirit King, Esq.
                                                Emilie MacLean, Esq.

14                                              Sahag Majarian, Esq.
                                                Garen Majarian, Esq.

15

16                                              Attorneys for Plaintiff and others similarly
                                                situated

17

18

19

20

21

22

23

24

25

26

27

28

**13**

REPRESENTATIVE ACTION COMPLAINT

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WINCO HOLDINGS, INC., an Idaho corporation; and DOES 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HUGO GOMEZ, on behalf of himself and all others similarly situated,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically Filed
10/25/2023 1:52 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Raquel Enriquez, Deputy

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Stanislaus Superior Court-Main Courthouse
~~800 11th Street~~ 801 10TH STREET
Modesto, CA 95354

</td><td>

CASE NUMBER: *(Número del Caso):*

CV-23-006280

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Marcus J. Bradley | Bradley/Grombacher LLP 31365 Oak Crest Drive, Suite 240, Westlake Village, CA 91361

DATE: 10/25/2023 1:52 PM                           Clerk, by ___*Raquel M. Enriquez*___ Deputy
*(Fecha)*                                          *(Secretario)*       Raquel Enriquez      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Bradley/Grombacher LLP<br>Marcus J. Bradley (SBN 174156), Kiley L. Grombacher (SBN 245960)<br>31365 Oak Crest Drive, Suite 240, Westlake Village, CA 91361<br><br>TELEPHONE NO.: 805-270-7100     FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | Electronically Filed<br>10/25/2023 1:52 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Raquel Enriquez, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  STANISLAUS**
STREET ADDRESS: 800 11th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Modesto, 95354
BRANCH NAME: Main Courthouse

CASE NAME:
  HUGO GOMEZ v. WINCO HOLDINGS, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CV-23-006280 |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* ONE (1)
5. This case [x] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 25, 2023

Marcus J. Bradley
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER)<br>Marcus J. Bradley, Esq. (SBN 174156); Kiley L. Grombacher, Esq. (SBN 245960)<br>Lirit A. King, Esq. (SBN 252521); Emilie MacLean, Esq. (SBN 349539)<br>**BRADLEY/GROMBACHER LLP**<br>31365 Oak Crest Drive, Suite 240<br>Westlake Village, CA 91361<br>Phone: (805) 270-7100<br><br>Attorney for:    Plaintiff | *FOR COURT USE ONLY*<br><br>Electronically Filed<br>10/25/2023 1:52 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Raquel Enriquez, Deputy |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**

Street Address:     City Towers Bldg., 801 10th St, 4th Floor,  Modesto, CA 95354

Civil Clerk's Office:  801 10th Street, 4th Floor, Modesto, CA  95354

**Plaintiff/Petitioner:**  Hugo Gomez

**Defendant/Respondent:**  Winco Holdings, Inc.

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER<br>CV-23-006280 |
|---|---|

**1.**  NOTICE is given that a **Case Management Conference** has been scheduled as follows:

Date: _____Hearing: 3/4/2024 9:00 AM_____ Time: _____AM/PM

This case is assigned to Judge _____Freeland, John D_____ , Dept Dept. 23 , for all purposes, including trial.

*Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354

*Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354

**All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

.............................................................................................................................................

**You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you.  You must also serve a copy of your written response on the plaintiff.**

**2.**  You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days** before the case management conference.

**3.**  You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

**4.**  At the case management conference the Court may make pretrial orders, including the following:

a.  An order establishing a discovery schedule.

b.  An order referring the case to arbitration.

c.  An order dismissing fictitious defendants.

d.  An order scheduling exchange of expert witness information.

e.  An order setting subsequent conferences and the trial date.

f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: 10/25/2023 1:52 PM      by _____*Raquel Enriquez*_____ Deputy Clerk

CV003<br>Mandatory<br>Form

| **--SANCTIONS--**<br>If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). |
|---|

11/10

## Rule 3.110.  Time for Service of Complaint, Cross-Complaint, and Response

(a)  [Application]  This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions,  proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

**(b)**  [Service of complaint]  The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint.  When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

**(c)**  [Service of cross-complaint]  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed.  If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

**(d)**  [Timing of responsive pleadings]  The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

**(e)**  [Modification of timing: application for order extending time]  The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d).  An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed.  The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

**(f)**  [Failure to serve]  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

**(g)**  [Request for entry of default]  If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed.  The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

**(h)**  [Default judgment]  When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time.  The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

**(i)**  [Order to Show Cause]  Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.